IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH CICON and SANDRA CICON, his wife, : Plaintiffs : | : : : | CIVIL ACTION |
| | : | NO. |
| vs. | : : | ASSIGNED TO: |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant | : : : | JURY TRIAL DEMANDED |

### NOTICE OF REMOVAL

Defendant State Farm Mutual Automobile Insurance Company, (hereinafter "State Farm"), by and through its attorneys, Forry Ullman, hereby files the following Notice of Removal:

1. A Complaint in the above-captioned civil action was filed in the Court of Common Pleas of Lackawanna County, Pennsylvania, on October 14, 2014, and a copy of the Complaint was faxed to State Farm on or about October 16, 2014.

2. The Complaint was docketed as Lackawanna County Court of Common Pleas No. 2014 CV 4875. A true and correct copy of the Complaint is attached hereto as Exhibit "A".

3. The Complaint alleges that Plaintiffs, Joseph Cicon and Sandra Cicon, are adult individuals and citizens of the Commonwealth of Pennsylvania, residing at 960 Darrow Road, New Milford, Susquehanna County, Pennsylvania 18834, as of the date of the filing of the Complaint. It is further believed that

Plaintiffs remain citizens of the Commonwealth of Pennsylvania, as of the date of the filing of this Petition for Removal.

4. The Complaint further alleges that on or about September 1, 2012, Plaintiff Joseph Cicon was involved in a motor vehicle accident that occurred in Wyoming County, Pennsylvania, due to the negligence of Kaleb Ebert, who was operating a vehicle that had no insurance coverage. See Complaint at Paragraphs 5, 8.

5. Plaintiffs aver that they maintained automobile insurance coverage from State Farm with the following benefits: bodily injury coverage in the amount of $100,000/$300,000; uninsured motorist vehicle coverage in the amount of $50,000/$100,000; and, income loss benefits coverage in the amount of $15,000. Also, Plaintiffs aver that the policy provided for stacking since there were two vehicles covered under the policy. See Complaint at Paragraphs 9 – 11.

6. Plaintiffs further aver that "(a)s a direct and proximate result of the above-described collision, Plaintiff sustained severe and permanent injuries, including but not limited to the following: a left sided disc bulge at L4-5, protrusion/herniation at L5-S1, loss of lumbar lordosis, lumbago, pelvic segmental dysfunction, thoracic intersegmental dysfunction, lumbosacral joint instability, low back pain, radiculopathy, neck pain, sprain/strain on the cervical spine,

2

sprain/strain of the lumbar spine, tingling and numbness in the arms and legs, trigger points, spasm, myofacial pain, bruising, contusions, severe and permanent shock to the nerves and nervous system by reason of which he was rendered sick, sore, lame, and forced to undergo great mental anguish, physical pain, embarrassment and humiliation, which will continue in the future because his injuries are permanent in nature." See Complaint at Paragraph 12.

7. The Complaint contends that as a direct result of the motor vehicle accident, "Plaintiff has been obliged to expend money for medical services and medical attention, surgery, x-rays, diagnostic studies, medication, and other expenses in an effort to treat and cure himself of the injuries sustained in this accident, and he will be obligated to expend additional sums of money for the same purposes in the future." In addition, "Plaintiff has suffered and will continue to suffer loss of wages and loss of earning capacity and power." See Complaint at Paragraphs 13 and 15.

8. The Complaint further contends that Plaintiff made a timely demand for uninsured motorist benefits and cooperated with State Farm's investigation into his claim. Additionally, during the investigation, State Farm paid first party medical and wage loss benefits and scheduled an independent medical exam

3

for Plaintiff, by Dr. DePietro, on July 9, 2013. See Complaint at 23 – 26.

9. Plaintiffs allege that although Dr. DePietro determined that Plaintiff's condition was related to the motor vehicle accident of September 1, 2012, State Farm made a low settlement offer and retained counsel to arrange for a statement under oath. See Complaint at Paragraphs 27 and 28.

10. Plaintiffs further allege that they were forced to retain counsel on their behalf, which counsel demanded a $100,000.00 settlement from State Farm as well as payment of the policy limits. In response, instead of tendering its policy limits, State Farm secured a statement under oath on April 1, 2014. See Complaint at Paragraphs 29 – 31.

11. Plaintiffs aver that subsequent to the statement under oath, they provided additional documentation and again demanded policy limits on April 8, 2014; however, State Farm reviewed the documentation and made another settlement offer on June 2, 2014, which allegedly was not supported by Plaintiff's medical records and/or reports, was not supported by significant economic loss and was not supported by Defendant's own defense medical exam report. See Complaint at Paragraphs 32 – 36 and 43.

12. Plaintiffs further aver that State Farm "failed to objectively evaluate Plaintiff's uninsured motorist claim and instead sought a basis to justify a pretextual determination not

4

to pay the full uninsured motorist benefits due and owed to Plaintiff." See Complaint at Paragraph 50.

13. The Complaint contains seven purported counts: Count I for Underinsured Motorist Benefits; Count II for Loss of Consortium; Count III for Good Faith and Fair Dealing; Count IV for Breach of Contract; Count V for Bad Faith pursuant to 42 Pa.C.S. §8371; Count VI for Negligence; and, Count VII for Vicarious Liability.

14. Plaintiffs aver that they are entitled to recover damages for past, present and future pain and suffering, emotional distress and mental anguish, medical expenses, disfigurement and scarring, loss of life's pleasures and loss of earnings and/or earning capacity. See Complaint at Paragraph 16.

15. Plaintiff contends State Farm breached its promise to pay his underinsured motorist expenses pursuant to the policy, and as a result he was damaged in the amount of $100,000.00, plus additional policy limits. See Complaint at Paragraph 29.
16.

16. State Farm is filing this Notice of Removal in that diversity of citizenship exists between Plaintiffs, citizens of Pennsylvania, and State Farm, a citizen of Illinois.

17. Defendant State Farm is an Illinois corporation in the business of insurance, with its principal place of business

5

located at One State Farm Plaza, Bloomington, Illinois 61710, at the time of the commencement of this action as well as at the time of the filing of this Petition for Removal.

18. Thus, for purposes of diversity jurisdiction, State Farm is a citizen of the State of Illinois.

19. The amount in controversy exceeds the jurisdictional amount of $75,000.00 because Plaintiffs are requesting: judgment in an amount in excess of $50,000, plus interest, costs, delay damages, and other such relief as the Court deems appropriate, costs of this suit and delay damages in Counts I and II; compensatory damages, consequential and punitive damages in an amount in excess of $50,000.00, plus interest, costs of court, attorney's fees, punitive damages and other such relief as the Court deems appropriate in Count III; judgment in an amount in excess of $50,000.00 together with interest, costs and such other relief as the Court deems just and proper in Count IV; judgment in an amount in excess of $50,000.00 together with attorney's fees, punitive damages, interest, costs and such other relief as the court deems just and proper in Count V; and, compensatory, consequential and punitive damages in excess of $50,000.00 together with costs, interest and such other relief as the Court deems appropriate in Counts VI and VII.

20. Section 8371 provides that a court may award punitive damages, interest, costs and attorney fees if it determines that an insurer acted in bad faith toward the insured.

21. Although State Farm vigorously disputes punitive damages are warranted in this matter, punitive damages are properly considered in determining whether the amount in controversy has been satisfied. <u>Bell v. Preferred Life Assur. Soc. Of Montgomery, Ala.</u>, 64 S.Ct. 5 (U.S. Ala. 1943); <u>Henderson v. Nationwide Mutual Ins. Co.</u>, 169 F.Supp.2d 365, 368 (E.D.Pa. 2001)(attorneys fees, interest and "punitive damages are included in the amount in controversy if they are available to successful plaintiffs under a statutory cause of action")(*citing* <u>Markowitz v. Northeast Land Co.</u>, 906 F.2d 100, 103 (3d Cir. 1990)).

22. Removal is timely under 28 U.S.C. §1446(b), because less than thirty (30) days have elapsed since service of the courtesy copy of the Complaint on State Farm.

23. State Farm will give written notice of the filing of this Notice to Plaintiffs, as required by 28 U.S.C. §1446(d).

24. A copy of this Notice will be filed with the Prothonotary of Lackawanna County, as required by 28 U.S.C. §1446(d).

7

**WHEREFORE,** Defendant State Farm Mutual Automobile Insurance Company requests that this action proceed in this Court as a Civil Action properly removed.

Respectfully submitted,

**FORRY ULLMAN**

Dated: 11/14/14        By:    */s/ Lee E. Ullman*
**LEE E. ULLMAN, ESQUIRE**
*Attorney ID #42428*
*Attorneys for Defendant*
540 Court Street, P O Box 542
Reading, Pennsylvania 19603
610.777.5700 / FAX 610.777.2499
lullman@forryullman.com

8

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH CICON and SANDRA CICON, his wife, : Plaintiffs : | : | CIVIL ACTION |
| vs. | : : : | NO. ASSIGNED TO: |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant | : : : | JURY TRIAL DEMANDED |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 14th day of November, 2014, a true and correct copy of State Farm's Notice of Removal was served upon the Plaintiffs, by mailing the same to Plaintiffs' attorney of record, by United States First Class Mail, postage pre-paid, addressed as follows:

John M. Mulcahey, Esquire
Munley Law, P.C.
227 Penn Avenue
Scranton, PA 18503

This statement is made subject to the penalties of 18 U.S.C. §1621, relating to perjury.

**FORRY ULLMAN**

Dated: 11/14/14           By: */s/ Lee E. Ullman*
**LEE E. ULLMAN, ESQUIRE**
*Attorney ID #42428*
*Attorneys for Defendant*
540 Court Street, P.O. Box 542
Reading, Pennsylvania 19603
610.777.5700 / FAX 610.777.2499
lullman@forryullman.com

9