```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

Joseph Cicon and Sandra Cicon    :

    Plaintiffs                   :     Case No. 3:14-CV-2187

    v.                           :

State Farm Mutual Automobile     :
Insurance Company
                                 :     Judge Richard P. Conaboy
    Defendant.
                                 :

_____

Memorandum

We consider here Defendant State Farm Mutual Automobile Insurance Company's Motion to Dismiss (Doc. 6) four counts of the complaint filed by Plaintiffs Joseph and Sandra Cicon.  State Farm's motion is made pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Specifically, State Farm seeks to dismiss Count III (breach of the duty of good faith and fair dealing), Count IV (breach of contract), Count VI (negligence), and Count VII (vicarious liability).  State Farm's motion has been fully briefed (Docs. 7, 9 and 11) by the parties and is ripe for disposition. We shall consider the various aspects of State Farm's motion in turn.

**I.   Background:**

This case arises from an automobile accident on September 1, 2012.  Plaintiff Joseph Cicon suffered physical injuries when the vehicle he was operating collided with an uninsured vehicle

1

operated by one Kaleb Ebert.  Mr. Ebert's negligence was the proximate cause of the accident.  (Complaint at ¶¶'s 5-8). [1]

Plaintiffs' vehicle was insured by Defendant State Farm on the date of the accident.  Under the terms of that insurance policy, Plaintiff's made a claim for uninsured motorist ("UIM") benefits.  After Plaintiff Joseph Cicon submitted to an independent medical examination by Dr. Anthony DePietro at Defendant's request, the parties attempted to settle the UIM claim for a period of approximately seven months.  After the settlement discussions failed to produce an accord, Plaintiffs retained counsel on February 18, 2014.  (Id. ¶¶ 26-28).

Plaintiffs' counsel made a demand of $100,000.00 - - the policy limits - - and supplied Defendant with Plaintiffs' tax returns for the preceding five years to demonstrate his wage loss due to the accident.  Defendant responded by offering $30,000.00 in settlement of Plaintiffs' UIM claim on June 2, 2014.  Plaintiffs, regarding this offer as unreasonable and inconsistent with the medical documentation and wage loss records in Defendant's possession, filed suit in the Lackawanna County Court of Common Pleas on October 14, 2014.  Defendant removed this matter to our Court on November 14, 2014 on diversity grounds.  (Id. ¶¶ 29-42 and Doc. 6, ¶ 1).

---

[1] All factual allegations of Plaintiffs' complaint must be regarded as true in the context of a Rule 12(b)(6) motion.  Conley v. Gibson, 355 U.S. 41, 46 (1957).

**II.   Standard of Review:**

In *McTernan v. City of York*, 577 F.3d 521, 530 (3d Cir. 2009), the Third Circuit Court of Appeals set out the standard applicable to a motion to dismiss in light of the United States Supreme Court's decisions *Bell Atlantic Corp. v. Twombly*, 550 U.S. 433 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009).

> "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true to 'state a claim that relief is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 570).  The Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950.  Moreover, it continued, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (citation omitted).

*McTernan,* 577 F.3d at 530.  The Circuit Court discussed the effects

3

of *Twombly* and *Iqbal* in detail and provided a road map for district courts presented with a motion to dismiss for failure to state a claim in a case filed just a week before *McTernan*, *Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009).

> [D]istrict courts should conduct a two-part analysis.  First, the factual and legal elements of a claim should be separated.  The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [*Iqbal*, 129 S. Ct. at 1949.]  Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief."  *Id.* at 1950.  In other words, a complaint must do more than allege a plaintiff's entitlement to relief.  A complaint has to "show" such an entitlement with its facts.  *See Philips* [*v. Co. of Alleghany*], 515 F.3d [224,] 234-35 [(3d Cir.2008 )].  As the Supreme Court instructed in *Iqbal*, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint

4

> has alleged--but it has not 'show[n]'--'that the pleader is entitled to relief.'" *Iqbal*, 129 S. Ct. at 1949.  This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.*

*Fowler*, 578 F.3d at 210-11.

The Circuit Court's guidance makes clear that legal conclusions are not entitled to the same deference as well-pled facts.  In other words, "the court is 'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Guirguis v. Movers Specialty Services, Inc.*, No. 09-1104, 2009 WL 3041992, at *2 (3d Cir. Sept. 24, 2009) (*quoting Twombly*, 550 U.S. at 555) (not precedential).

**III. Discussion:**

    **A.   Count III - Good Faith and Fair Dealing.**

Plaintiffs' Count III alleges that Defendant violated its contractual obligation to observe the covenant of good faith and fair dealing.  Defendant State Farm asserts that the covenant of good faith and fair dealing is synonymous with a contractually based bad faith claim and, thus, unrecognized in Pennsylvania Law.

The Pennsylvania Supreme Court has held that there is no cause

5

of action for a breach of the implied duty of good faith and fair dealing in a case for first party insurance benefits, like this one, where an insured is suing his insurer. D'Ambrosio v. Pennsylvania National Mutual Casualty Insurance Company, 494 Pa. 501, 507-10 (1981).  In D'Ambrosio, the Pennsylvania Supreme Court upheld a trial court decision to strike a count based upon the implied covenant of good faith and fair dealing.  The Supreme Court of Pennsylvania found that the Plaintiff had adequate remedies to provide complete redress under traditional contract principles and the then newly-enacted Unfair Insurance Practices Act. [2] Consequently, the Supreme Court affirmed the trial court's dismissal of the claim based upon the implied covenant of good faith and fair dealing.

    Plaintiffs cite Zaloga v. Provident Life and Accident Insurance Company of America, 671 F.Supp. 2.d 623, 629(M.D. Pa. 2009), for the proposition that "Pennsylvania courts have recognized that inherent in every insurance contract is an implied covenant of good faith and fair dealing."  This is both true and unhelpful to Plaintiffs' argument because Zaloga ultimately concludes that the implied covenant of good faith and fair dealing does not give rise to an independent cause of action where, as here, a breach of contract count has been lodged.  Zaloga at 631-

---

[2] We note that plaintiffs may now avail themselves of the additional remedies provided by the Pennsylvania Bad Faith Statute, 42 Pa. § 8371, as Plaintiffs have done in the instant case.

32. Stated another way, "Pennsylvania law does not recognize a separate breach of the contractual duty of good faith and fair dealing where said claim is subsumed by a separately pled breach of contract claim."  Simmons v. Nationwide Mutual Fire Insurance Co., 788 F.Supp 2.d 404, 409 (W.D. Pa. 2011).

Given the Pennsylvania Supreme Court's refusal to reinstate a good faith and fair dealing count in an analogous situation in D'Ambrosio, supra, and not persuaded that the authorities cited by Plaintiffs' counsel against the general rule announced by D'Ambrosio apply here, we conclude that Count III of Plaintiffs' complaint must be dismissed.

**B.   Count IV - Breach of Contract.**

Defendant asserts that Count IV of Plaintiffs' complaint sounding in breach of contract must be dismissed as redundant to Plaintiffs' Counts I and II for UIM benefits and loss of consortium, respectively.  While the Court is inclined to agree that the damages recoverable pursuant to the UIM claim and the breach of contract claim are seemingly identical and necessarily limited by the terms of the policy, they are technically separate and Defendant has not provided the Court with any authority to extinguish one or the other at this stage.  Accordingly, Count IV (Breach of Contract) states a viable cause of action.

7

**C.   Count VI - Negligence.**

Count VI of Plaintiffs' complaint sounds in negligence and is based upon the notion that Defendant owed a duty of care to Plaintiff, failed to discharge that duty, and, thus, is liable in tort.  Defendant asserts that the "gist of the action" doctrine should operate to preclude Plaintiffs' negligence count as an improper attempt to characterize an ordinary breach of contract claim as a tort action.

The gist of the action doctrine has been relied upon in several decisions of the Pennsylvania Superior Court.  One of its earlier expressions came in Bash v. Bell Telephone Company of Pennsylvania, 411 Pa. Super. 347, 355-56 (1992), wherein the Superior Court, citing Closed Circuit Corporation of America v. Jerrold Electronics Corporation, 426 F.Supp. 361, 364 (E.D. Pa. 1977), stated:

> Although mere non-performance of a contract does not constitute a fraud...it is possible that a breach of contract also gives rise to an actionable tort.... "To be construed as a tort, however, the wrong ascribed to the Defendant must be the gist of the action, a contract being collateral."  1 C.J.S. Actions § 46.  A claim ex contractu cannot be converted to one in tort simply by alleging that the conduct in question was wantonly done.

The principle that a party's performance under a contract does not become tortious even if "wantonly done" has been reinforced in Etoll, Inc. V. Elias/Savion Advertising, Inc., 811 A.2d 10 (Pa. Super. 2002).  The Etoll court (supra at 19) stated:

> ...persuasive authority interpreting Pennsylvania law has restated the gist of the action doctrine in a number of similar ways.  These courts have held that the doctrine bars tort claims:
> (1) "arising soley from a contract between the parties"; (2) where "the duties allegedly breached were created and grounded in the contract itself"; (3) where "the liability stems from a contract"; or (4) where the tort claim "essentially duplicates a breach of contract claim or the success of which is wholly dependent on the terms of the contract." (citations omitted).  These courts have not carved out a categorical exception for fraud, and have not held that the duty to avoid fraud is always a qualitatively different duty imposed by society rather than by the contract itself.  Rather, the cases seem to turn on the question of whether the fraud concerned the performance of contractual duties.  If so, then the alleged fraud is generally held to be merely collateral to a contract claim for

9

>>breach of those duties.  If not, then the gist of
>>the action would be the fraud, rather than any
>>contractual relationship between the parties.

Accord Reardon v. Allegheny College, 926 A.2d 477, 486 (Pa. Super. 2007), and Freestone v. New England Log Homes, Inc. 819 A.2d 550 (Pa. Super. 2003).

Our review of the Plaintiffs' complaint convinces the Court that Plaintiffs' negligence claim is "wholly dependant on the terms of the contract" as discussed in Etoll.  That is, if Plaintiff cannot sustain his breach of contract claim here, his tort claim must necessarily fail as well because all the failures he attributes to Defendant are grounded in the contract of insurance. The Court is sensitive to Plaintiffs' argument (Doc. 9 at 10) that the Supreme Court of Pennsylvania has never adopted the gist of the action doctrine in an insurance coverage dispute. [3] However, in the absence of clear precedent from the Supreme Court of Pennsylvania, we should not disregard the weight of authority of decisions from Pennsylvania's intermediate appellate courts.  Nationwide Mutual Insurance Company v. Buffetta, 230 F.3d 634, 637 (3d. Cir. 2000). Our review of the totality of the authorities submitted by the

---

[3] We find Plaintiffs' reliance on Indalex, Inc., v. National Union Fire Insurance Company, 83 A.3d 418 (Pa. Super. 2013), to be misplaced.  Indalex declined to follow the gist of the action doctrine in a situation involving whether an alleged tort committed by third parties triggered insurance coverage.  Here, there is no argument that coverage exists, rather the scope of the coverage is at issue.  The outcome of the parties' dispute is wholly dependent upon interpretation of the contract.

parties persuades the Court that the Pennsylvania Supreme Court, presented with the question whether Plaintiffs' negligence count should be barred by the gist of the action doctrine, would affirm the dismissal of that count.

### D.   VII - Vicarious Liability.

Count VII of Plaintiffs' complaint seeks to make Defendant vicariously liable for the alleged negligent and intentional misconduct of its adjustors, supervisors and defense counsel. (Complaint at ¶¶ 77-78).  Plaintiff argues, correctly, that various Pennsylvania appellate cases hold that vicarious liability and direct liability are separate causes of action. [4](Doc. 9 at 13-15). Yet, in each of the cases cited by Plaintiffs, there were both corporate defendants and individual defendants actually named as parties.

Defendant argues quite logically that, as the only party defendant here, it cannot be vicariously liable for its own conduct.  (Doc. 11 at 5).  Moreover, vicarious liability is a creature of tort law and we have already determined (Section C. above) that the gist of the action doctrine requires that this case be determined under contract law and that Plaintiffs' other tort count (Count VI - Negligence) may not go forward.  Consequently, Count VII - Vicarious Liability will be dismissed.

---

[4] As a practical matter, Plaintiffs' vicarious liability count does not afford them any prospect of additional recovery because any wrongful acts by Defendants' employees may be redressed under the Plaintiffs' surviving claims of breach of contract and statutory bad faith.

11

**IV. Conclusion:**

For all the reasons cited in the foregoing Memorandum, Defendant's Motion to Dismiss (Doc. 6) will be granted in part and denied in part. An Order consistent with these determinations will be filed simultaneously herewith.

BY THE COURT

S/Richard P. Conaboy
Honorable Richard P. Conaboy
United States District Court

Dated: March 4, 2015